UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IAN JAMES                                                                           CIVL ACTION

VERSUS

INVESTACORP, INC.                                             NO.: 3:20-cv-00254-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiff Ian James' **Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2)**, requesting that the Court enjoin Defendant Investacorp, Inc. from terminating him and making disparaging or derogatory comments about him.

By way of background, Plaintiff is employed in the financial services industry. (Doc. 2-1 at 1). In 2014, Plaintiff entered into a Registered Representative Agreement ("RRA") with Defendant. (*Id.* at 2). On April 20, 2020, Defendant informed Plaintiff that his contract would be terminated for cause on April 30, 2020 and that his termination for cause would prevent him from continuing to work in the financial services industry, implying that Defendant would make disparaging or derogatory comments about him. (*Id.* at 2-3). Defendant did not provide a basis for the termination. (*Id.* at 2). Defendant also told Plaintiff that if he sold his business to one of Defendant's advisors, it would allow Plaintiff to resign and it would not report his departure as a termination. (*Id.* at 3). Plaintiff now asserts claims for breach of

1

contract, deceptive and unfair trade practices, tortious interference with business relationships, and defamation under Florida law. (*Id.* at 8).

To obtain a temporary restraining order (TRO), Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008); *Garcia v. United States*, 680 F.2d 29, 31 (5th Cir. 1982) (indicating that "the requirements justifying a temporary restraining order" are equivalent to those justifying a "preliminary injunction").

Here, the Court is satisfied that Plaintiff has met the requirements for the TRO he seeks. First, Plaintiff has made a preliminary showing that he is likely to succeed on the merits of his claims, assuming he can present evidence to support them. Plaintiff acknowledges that he is the subject of an ongoing Financial Industry Regulatory Authority (FINRA) investigation for untimely disclosure of a lien levied against him and a FINRA inquiry regarding the disclosure of his association with a Louisiana limited liability company. (Doc. 2-1 at 4). However, Plaintiff alleges that prior to the inquiry, Defendant 1) advised him that it would report the lien to FINRA yet it failed to do so and 2) advised him that disclosure of his association with the LLC was not necessary. *Id.* Plaintiff further alleges that Defendant has indicated that it plans to make disparaging or derogatory comments about him. (*Id.* at 3).

2

Second, Plaintiff has demonstrated a substantial threat of irreparable injury—specifically, termination and damage to his professional reputation—if the TRO is not granted. Third, this alleged threat to Plaintiff outweighs any injury to Defendant because Defendant is simply required to maintain its existing business relationship to Plaintiff. Fourth, there is no indication that granting the TRO will disserve the public interest. Public interest weighs in favor of protecting Plaintiff's livelihood during these challenging times.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2)** is **GRANTED,** without notice due to the urgency of this matter, to prevent Plaintiff from suffering irreparable harm.

**IT IS FURTHER ORDERED** that Defendant and persons or entities acting for or in concert with it are restrained, enjoined, and prohibited from terminating, modifying, or amending the RRA with Plaintiff, or otherwise interfering with Plaintiff's performance thereunder, and/or Plaintiff's performance of financial and/or investment services for his clients, including with respect to Defendant contact with clients identified with Plaintiff.

**IT IS FURTHER ORDERED** that Defendant and persons or entities acting for or in concert with it are restrained, enjoined, and prohibited from terminating Plaintiff's status as a registered representative of Defendant.

**IT IS FURTHER ORDERED** that Defendant and persons or entities acting for or in concert with it are restrained, enjoined, and prohibited from making any disparaging or derogatory statements about Plaintiff, including with respect to any alleged non-compliance with industry rules or regulations by Plaintiff.

**IT IS FURTHER ORDERED** that Defendant and persons or entities acting for or in concert with it are restrained, enjoined, and prohibited from violating Fla. Stat. § 501.201, *et seq*. with respect to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant and persons or entities acting for or in concert with it are restrained, enjoined, and prohibited from interfering with Plaintiff's business relationships.

**IT IS FURTHER ORDERED** that Defendant and persons or entities acting for or in concert with it are restrained, enjoined, and prohibited from reporting, publicizing, or otherwise making false statements with respect to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant and persons or entities acting for or in concert with it are restrained, enjoined, and prohibited from breaching the RRA with Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff must post a bond in the amount of $2,000.00.[1]

---

[1] Federal Rule of Civil Procedure 65(c) requires Plaintiff to provide security and gives the Court discretion in determining the sum.

**IT IS FURTHER ORDERED** that a telephone hearing to determine whether to convert this Order into a preliminary injunction is set for **May 4, 2020 at 11:00 AM**. Counsel will receive information pertaining to the conference call on the morning of the scheduled conference.

**IT IS FURTHER ORDERED** that Counsel for the Plaintiff shall serve a copy of this Order on Defendant forthwith.

Baton Rouge, Louisiana, this 30th day of April, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**